UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDIN MALDONADO, on behalf of himself and
all other persons similarly situated,

                                  Plaintiff,

-against-                                 **COMPLAINT**

DOZ BAGELS INC. d/b/a DOZ BAGELS, DOZ
BAGELS ON 7TH, INC. d/b/a DOZ BAGELS, ABC 1     *Class and Collective Action*
CORP. d/b/a DOZ BAGELS, ABC 2 CORP. d/b/a DOZ
BAGELS, and MIKE PANTANO,

                                 Defendants.
------------------------------------------------------------------------X

Plaintiff, EDIN MALDONADO ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, DOZ BAGELS INC. d/b/a DOZ BAGELS, ("Doz"), DOZ BAGELS ON 7TH, INC. d/b/a DOZ BAGELS ("Doz 7th"), ABC 1 CORP. d/b/a DOZ BAGELS ("ABC 1"), ABC 2 CORP. d/b/a DOZ BAGELS ("ABC 2"), and MIKE PANTANO ("Pantano," together with Doz, Doz 7th, ABC 1, and ABC 2 as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), as well as failure to provide a wage notice upon his hire under NYLL § 195(1), failure to furnish accurate wage statements for each pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

1

all other similarly situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff additionally brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

8. Defendant Doz was and still is a domestic corporation that operates a restaurant located at 2413 Jericho Turnpike, New Hyde Park, New York 11040.

9. At all times relevant, Defendant Doz was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and

had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, eggs, meat, poultry, pork, fish, condiments, cream cheese, butter, bagels, coffee, orange juice, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

10. At all times relevant, Defendant Doz was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

11. Defendant Doz 7th was and still is a domestic corporation that operates a restaurant located at 180 7th Street, Garden City, New York 11530.

12. At all times relevant, Defendant Doz 7th was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, eggs, meat, poultry, pork, fish, condiments, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

13. At all times relevant, Defendant Doz 7th was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

14. At all relevant times, upon information and belief, the restaurants doing business as Doz Bagels are and were operated as a single enterprise with multiple restaurant locations through one or more corporations during Plaintiff's employment. Defendants ABC 1 and ABC 2 represent

fictious defendants that, upon information and belief, were used to operate and do business as Doz Bagels at all relevant times.

15. Upon information and belief, at all times relevant, Defendant ABC 1 was and still is a domestic corporation that operates a restaurant located at 3236 Hempstead Turnpike, Levittown, New York 11756.

16. Upon information and belief, at all times relevant, Defendant ABC 1 was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, eggs, meat, poultry, pork, fish, condiments, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

17. Upon information and belief, at all times relevant, Defendant ABC 1 was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

18. Upon information and belief, at all times relevant, Defendant ABC 2 was and still is a domestic corporation that operates a restaurant located at 197 Atlantic Avenue, Freeport, New York 11520.

19. Upon information and belief, at all times relevant, Defendant ABC 2 was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, eggs, meat, poultry, pork, fish, condiments, kitchenware, utensils,

cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside of New York State.

20. Upon information and belief, at all times relevant, Defendant ABC 2 was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

21. Defendants Doz, Doz 7th, ABC 1, and ABC 2 are several corporations that operate as a common enterprise. Upon information and belief, the corporate Defendants in all respects, operate as a single enterprise as if they were one and the same. Upon information and belief, the corporate Defendants share interrelated operations, a centralized control of labor relations, common financial control within their businesses, overlapping management staff, and common ownership. Additionally, the corporate Defendants share employees, assigning Plaintiff and similar employees to work at multiple job locations interchangeably as a common enterprise. Moreover, during portions of his employment, Plaintiff received compensation from multiple corporations within this single enterprise in the same manner.

22. At all times relevant, Defendant Pantano is and/or was an owner, chief executive officer, and/or manager of Defendants Doz, Doz 7th, ABC 1, and ABC 2 (together as the "Corporate Defendants"), had authority to make payroll and personnel decisions for the Corporate Defendants, was active in the day to day management of the Corporate Defendants, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, having and exercising the power to hire, fire and discipline employees for the Corporate Defendants, was responsible for maintaining personnel records relating to Plaintiff's and the Corporate Defendant's other employees' employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**STATEMENT OF FACTS**

23. Plaintiff was employed by Defendants as a food preparer and cook from in or about May 2022 through on or about March 4, 2024. Plaintiff performed non-exempt duties for the Defendants including cleaning the kitchen and cooking area, operating the grill, and preparing and cooking food.

24. Throughout his employment with Defendants, Plaintiff was required to work, and did in fact work, six days per week, Tuesday through Sunday, from 6:00 a.m. until 3:00 p.m. each day. Thus, Plaintiff regularly worked approximately fifty-four hours per week, and thus, regularly worked in excess of forty hours per week.

25. In exchange for his work throughout his employment, Defendants compensated Plaintiff at a regular hourly rate of pay of $16.00 for all hours worked, including those hours worked in excess of forty.

26. For the period of May 2022 through January 9, 2024, Plaintiff was paid entirely in cash.

27. For the period of January 10, 2024, through March 4, 2024, Plaintiff was paid by combination of personal check and cash.

28. Thus, throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

29. Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NYLL by failing to maintain accurate records of the daily and weekly hours worked by Plaintiff, Class Members, and the Collective Action Plaintiffs.

30. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

31. Defendants failed to provide Plaintiff upon hire written notice in his native language of his rate of pay, overtime rates, regular payday and other information required by NYLL § 195(1) of the New York State Labor Law.

32. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct number of regular hours worked, the correct number of overtime hours worked, and his total pay received in violation of NYLL § 195(3).

33. By failing to properly detail Plaintiff's hourly rate upon his hire, as well as his actual hours worked each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid throughout his employment.

34. Because Plaintiff worked without the information required by NYLL § 195(1)(3), Plaintiff was unable to determine the precise amount of wages he was entitled to receive, and that he had been underpaid nearly every week.

35. Throughout Plaintiff's employment, he worked at several different locations owned by Defendants and was subject to common, company-wide payroll practices. Defendants failed to compensate Plaintiff at his proper overtime rate regardless of which location he worked at, and instead paid him straight time for all hours worked across all locations at which he worked. Further, Plaintiff was not provided with an accurate wage notice or with accurate paystubs while working at any of Defendants' locations.

36. Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

## COLLECTIVE ACTION ALLEGATIONS

37. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

38. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt hourly-paid employees of any of the Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, dishwashing, cleaning and/or maintaining the premises, and/or any other back of the house or kitchen duties at any time during the three (3) years prior to the filing of their respective consent forms.

39. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

40. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

41. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily

8

ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

42. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as food preparers, cooks, dishwashers, and/or other kitchen staff in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

43. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. Upon information and belief, there are more than 40 Class Members who have worked for Defendants in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

44. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over 40 individuals who are currently, or have been, employed by Defendants in positions at any time during the six (6) years prior to the filing of the initial Complaint.

45. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(c) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(d) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(e) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(f) Whether Defendants failed to keep true and accurate time records for hours worked by Plaintiff and Class Members;

(g) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(h) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

46. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of the Defendants. Defendants failed to pay Plaintiff and the Class Members overtime compensation under the NYLL during workweeks where they worked in excess of 40 hours. Defendants failed to furnish Plaintiff and the Class Members with accurate wage statements in violation of NYLL § 195(3) or with wage notices at their times of hire in violation of NYLL § 195(1). Additionally, Defendants' failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms.

47. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

48. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

49. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

50. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

51. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

52. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

53. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

54. Plaintiff, Class Members, and the FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendants employed Plaintiff, Class Members, and FLSA Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff, Class Members, and Collective Action Plaintiffs for their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular rate, in violation of the FLSA.

56. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

57. As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

58. Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

59. Defendants employed Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate, in violation of the New York Labor Law.

60. By Defendants' failure to pay Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours

per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

61. Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

62. Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action with notice of their rate of pay; the basis of their rates of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

64. Due to Defendants' failure to provide Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(1), Defendants are liable to Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

65. Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants failed to furnish Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action with an accurate statement with every payment of wages listing

the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

67. Due to Defendants' failure to provide Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiff, Class Members, and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iv) Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(v) Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

  (vi) Awarding damages pursuant to New York Labor Law § 195(1), (3) and New York Labor Law § 198;

  (vii) Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  (viii) Awarding pre- and post-judgment interest as permitted by law;

  (ix) Awarding attorneys' fees and costs incurred in prosecuting this action; and

  (x) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
   August 30, 2024

            ROMERO LAW GROUP PLLC

            */s/ Matthew J. Farnworth*
      By: _____
            Matthew J. Farnworth, Esq.
            Peter A. Romero, Esq.
            490 Wheeler Road, Suite 277
            Hauppauge, New York 11788
            Tel. (631) 257-5588
            mfarnworth@romerolawny.com
            *Attorneys for Plaintiff*

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Pantano's Doz Bagels GCP, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case. [This has been read to me in Spanish.]


_____          03-20-24
Edin Maldonado                                              Date